RECEIVED SEP 29 2025 RICHARD W. NAGEL, CLERK OF COURT COLUMBUS, OHIO

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
_____Eastern_____ DIVISION

2:25 CV 1130

JUDGE MARBLEY
MAGISTRATE JUDGE DEAVERS

Charles T Branch, Jr.
(Enter Above the Name of the Plaintiff in this Action)

vs.

Creed Integrated Behavioral Health Services DBA The Creed of Recovery
(Enter above the name of the Defendant in this Action)

If there are additional Defendants, please list them:

_____
_____
_____
_____

## COMPLAINT

I. Parties to the action:

Plaintiff: Place your name and address on the lines below. The address you give must be the address where the court may contact you and mail documents to you. A telephone number is required.

Charles Timothy Branch, Jr.
Name - Full Name Please - PRINT

260 Hubbard Road
Street Address

Galloway, OH 43119
City, State and Zip Code

6146204306
Telephone Number

If there are additional Plaintiffs in this suit, a separate piece of paper should be attached immediately behind this page with their full names, addresses and telephone numbers. If there are no other Plaintiffs, continue with this form.

Defendant(s):

Place the name and address of each Defendant you listed in the caption on the first page of this Complaint. This form is invalid unless each Defendant appears with full address for proper service.

1. Creed Integrated Behavioral Health Services DBA The Creed of Recovery
   Name - Full Name Please

   551 1/2 E Main St
   Address: Street, City, State and Zip Code

2. _____

3. _____

4. _____

5. _____

6. _____

If there are additional Defendants, please list their names and addresses on a separate sheet of paper.

II. Subject Matter Jurisdiction

Check the box or boxes that describes your lawsuit:

☒ Title 28 U.S.C. § 1343(3)
   [A civil rights lawsuit alleging that Defendant(s) acting under color of State law, deprived you of a right secured by federal law or the Constitution.]

☒ Title 28 U.S.C. § 1331
   [A lawsuit "arising under the Constitution, laws, or treaties of the United States."]

☐ Title 28 U.S.C. § 1332(a)(1)
   [A lawsuit between citizens of different states where the matter in controversy exceeds $75,000.]

☒ Title 42 United States Code, Section 2000e-5(f)(3)
   [Other federal status giving the court subject matter jurisdiction.]

III. Statement of Claim

Please write as briefly as possible the facts of your case. Describe how each Defendant is involved. Include the name of all persons involved, give dates and places.

Number each claim separately. Use as much space as you need. You are not limited to the papers we give you. Attach extra sheets that deal with your statement claim immediately behind this piece of paper.

1. I was employed with the organization until May 1, 2025.
2. In the days leading up to my separation, I was subjected to unfair treatment and coercive actions by leadership.
3. On May 1, 2025, I was presented with a forced resignation letter that I did not draft or agree to.
4. This resignation letter, and the circumstances surrounding it, misrepresented my decision and the nature of my departure.
5. My employer failed to properly account for and report a housing benefit that was part of my compensation.
6. When I raised concerns regarding the housing benefit and contract issues, I was met with intimidation and inconsistent explanations from leadership.
7. The employer's actions including coercion, misrepresentation, and the withholding of critical earned benefits information created conditions amounting to constructive discharge.

See Attached Documents

IV. Previous lawsuits:

If you have been a Plaintiff in a lawsuit, for each lawsuit state the case number and caption. (Example, Case Number: 2:08-cv-728 and Caption: John Smith vs. Jane Doe).

| Case Number | Caption | |
|---|---|---|
| _____ | _____ vs. _____ |
| _____ | _____ vs. _____ |
| _____ | _____ vs. _____ |

V. Relief

In this section please state (write) briefly exactly what you want the court to do for you. Make no legal argument, cite no case or statutes.

I request compensation for the harm I experienced, including reimbursement for lost or delayed unemployment benefits, back pay and front pay totaling approximately 2.5 years of wages, and the value of the housing benefit that was not properly reported.

I also seek damages for emotional distress, relocation hardships, and stress caused by the coercive and abrupt manner of my separation, and request this matter be addressed to ensure accountability and prevent similar treatment of other employees.

I state under penalty of perjury that the foregoing is true and correct. Executed on this 26 day of September, 2025

*BCB*
Signature of Plaintiff

-4-

UNITED STATES DISTRICT COURT
Southern District of Ohio
Eastern Division

Charles T Branch Jr,
Plaintiff,
v.

Creed Integrated Behavioral Health Services DBA The Creed of Recovery,
Defendant.

Case No.: pending

## COMPLAINT

### I. INTRODUCTION

[1] This is an action for unlawful employment practices under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. Plaintiff seeks relief for constructive discharge, retaliation, and discrimination, as well as violations relating to severance, housing benefits, and interference with unemployment benefits.

### II. JURISDICTION AND VENUE

[2] This Court has jurisdiction pursuant to 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. §§ 1331, 1343.

[3] Venue is proper in this district under 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1391, because the unlawful employment practices alleged herein were committed in this district, and Defendant maintains and operates business within this district.

### III. PARTIES

[4] Plaintiff, Charles T Branch, Jr, is an individual residing in Galloway,OH.

[5] Defendant, Creed Integrated Behavioral Health Services DBA The Creed of Recovery, is an employer within the meaning of 42 U.S.C. § 2000e(b), engaged in commerce and employing at least fifteen (15) employees at all relevant times.Defendant also operates through a non-profit annex, The Creed House, Inc.,

which functions in association with Defendant and shares management and resources.

IV. FACTUAL ALLEGATIONS

[6] Plaintiff was employed by Defendant as Case Manager beginning on or about March 2020 and later earned licenses CDCA then LCDC-II before constructive discharge.

[7] Plaintiff was provided defendant-controlled housing offsite as part of the employment arrangement (noted as $7,200 per year) during his tenure.

[8] On May 1st, Defendant presented Plaintiff with documents characterizing the separation as a "resignation," despite Plaintiff not resigning. Defendant's actions amounted to constructive discharge.

[9] Plaintiff was given only five (5) days to vacate defendant-controlled housing, causing severe hardship.

[10] Defendant failed to negotiate or provide fair severance terms, offering only inadequate and non-negotiable terms despite long-standing employment.

[11] Defendant also failed to properly report Plaintiff's housing benefit as income, while simultaneously misrepresenting facts to state unemployment authorities to obstruct Plaintiff's eligibility for unemployment benefits.

[12] Plaintiff engaged in protected activity, including questioning unlawful practices. Shortly thereafter, Defendant retaliated by fabricating resignation paperwork, which Plaintiff was coerced into signing under threat of termination, and later interfered with Plaintiff's access to unemployment compensation. The staff member directly involved in drafting the resignation letter has a prior documented charge of falsification, further calling into question the integrity of the Defendant's actions. Despite the seriousness of these issues, the Head of HR was never consulted or involved in the process, demonstrating a failure of internal oversight and procedure.

V. CLAIMS FOR RELIEF

COUNT I – Constructive Discharge (Title VII)
[13] Plaintiff incorporates paragraphs 1–12 by reference.
[14] Defendant's conduct created intolerable working conditions that forced Plaintiff to leave employment, amounting to constructive discharge in violation of Title VII.

COUNT II – Retaliation (Title VII, 42 U.S.C. § 2000e-3(a))
[15] Plaintiff incorporates paragraphs 1–14 by reference.
[16] Plaintiff engaged in protected activity under Title VII.
[17] Defendant retaliated against Plaintiff by fabricating resignation documents, coercing departure, and obstructing unemployment benefits.

COUNT III – Failure to Provide Severance in Good Faith
[18] Plaintiff incorporates paragraphs 1–17 by reference.
[19] Defendant failed to negotiate severance with Plaintiff alongside not involving HR/ the head of Human Resources, violating principles of fair dealing.

COUNT IV – Interference with Unemployment Benefits
[20] Plaintiff incorporates paragraphs 1–19 by reference.
[21] Defendant intentionally misrepresented facts to unemployment authorities, interfering with Plaintiff's statutory rights to unemployment compensation.

VI. RELIEF REQUESTED

Plaintiff respectfully requests that the Court grant the following relief:

1. Unemployment Benefits Reimbursement
   - Reimbursement for lost or delayed unemployment benefits caused by Defendant's interference with Plaintiff's claims, ensuring Plaintiff receives the full value of benefits that would have been available absent Defendant's actions.
2. Housing Benefit Claim
   - Award damages for Defendant's failure to properly report housing benefits for multiple years.
   - Request damages equal to double the annual housing benefit multiplied by five years of employment, reflecting both financial harm and willful misreporting.
3. Back Pay and Front Pay

- Award lost wages and expected future earnings totaling approximately 2.5 years of Plaintiff's most recent pay rate, due to coercion, constructive discharge, and Defendant's failure to involve HR or negotiate in good faith.
4. Compensatory Damages for Emotional Distress
    - Award damages for emotional distress, humiliation, relocation hardship, reputational harm, and ongoing stress caused by Defendant's retaliation, misrepresentations, and interference with unemployment benefits, in an amount the Court finds just.
5. Punitive Damages
    - Award punitive damages to deter Defendant's bad-faith conduct.
6. Attorneys' Fees and Costs
    - Award attorneys' fees and costs pursuant to 42 U.S.C. § 2000e-5(k).
7. Declaratory Relief
    - Declare that Plaintiff's separation was a constructive discharge, not a voluntary resignation.
8. Other Relief
    - Grant any additional relief the Court deems just and proper to make Plaintiff whole, proportionate to the documented retaliation, coercion, and misrepresentation by Defendant.

## VII. JURY DEMAND AND SETTLEMENT POSITION

Plaintiff hereby demands a trial by jury on all issues so triable. While Plaintiff is open to resolving this matter through settlement to avoid unnecessary litigation costs, any resolution must be fair, reasonable, and reflective of the harm suffered. Plaintiff reserves all rights to pursue the full measure of relief at trial if settlement cannot be reached.

Respectfully submitted,

Charles Timothy Branch Jr
260 Hubbard Road
Galloway OH 43119
c.tim.branch@gmail.com